UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No.   26cr10155 |
| | ) |
| v. | ) Violations: |
| | ) |
| ESSAM MEAWAD, | ) Count One: Sexual Exploitation of Children |
| | ) (18 U.S.C. §§ 2251(a) and (e)) |
| Defendant | ) |
| | ) Count Two: Sexual Exploitation of Children |
| | ) (18 U.S.C. §§ 2251(a) and (e)) |
| | ) |
| | ) Count Three: Travel With Intent To Engage in |
| | ) Illicit Sexual Conduct (18 U.S.C. § 2423(b)) |
| | ) |
| | ) Child Exploitation Forfeiture Allegation: |
| | ) (18 U.S.C. § 2253) |
| | ) |
| | ) Travel Forfeiture Allegation: |
| | ) (18 U.S.C. § 2428(a)) |
| | ) |

INDICTMENT

COUNT ONE
Sexual Exploitation of Children
(18 U.S.C. §§ 2251(a) and (e))

The Grand Jury charges:

On or about August 15, 2024, in the District of Massachusetts and elsewhere, the

defendant,

ESSAM MEAWAD,

employed, used, persuaded, induced, enticed, and coerced a minor, "Minor 1" (YOB 2008), to

engage in any sexually explicit conduct for the purpose of producing any visual depiction of such

conduct, and attempted to do so, and knew and had reason to know that such visual depiction

would be transported and transmitted using any means and facility of interstate and foreign

commerce and in and affecting interstate and foreign commerce, and the visual depiction was

produced and transmitted using materials that had been mailed, shipped, and transported in and

affecting interstate and foreign commerce, by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

<u>COUNT TWO</u>
Sexual Exploitation of Children
(18 U.S.C. §§ 2251(a) and (e))

The Grand Jury further charges:

On or about November 18, 2024, in the District of Massachusetts and elsewhere, the defendant,

ESSAM MEAWAD,

employed, used, persuaded, induced, enticed, and coerced a minor, "Minor 1" (YOB 2008), to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and attempted to do so, and knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

<u>COUNT THREE</u>
Travel with Intent to Engage in Illicit Sexual Conduct
(18 U.S.C. § 2423(b))

The Grand Jury further charges:

On or about August 15, 2024, in the District of Massachusetts and elsewhere, the defendant,

ESSAM MEAWAD,

did travel in interstate commerce, with intent to engage in any illicit sexual conduct with another person, as defined in Title 18, United States Code, Section 2423(g).

All in violation of Title 18, United States Code, Section 2423(b).

<u>CHILD EXPLOITATION FORFEITURE ALLEGATION</u>
(18 U.S.C. § 2253)

The Grand Jury further finds:

1.      Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 2251, as set forth in Counts One and Two, the defendant,

ESSAM MEAWAD,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253, (i) any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (iii) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

a.  One midnight blue Apple Laptop Computer seized on June 17, 2025, in Billerica, Massachusetts.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 2253, as a result of any act or omission of the defendant-

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States of America, pursuant to Title 18, United States Code, Section 2253(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 2253.

## TRAVEL FORFEITURE ALLEGATION
### (18 U.S.C. § 2428(a))

The Grand Jury further finds:

1.     Upon conviction of the offense in violation of Title 18, United States Code, Section 2423, set forth in Count Three, the defendant,

### ESSAM MEAWAD,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428(a),any property, real or personal, used or intended to be used to commit or to facilitate the commission of such offense, or any property, real or personal, that constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offense.

2.     If any of the property described in paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 2428(a) as a result of any act or omission of the defendant–

     a.   cannot be located upon the exercise of due diligence;

     b.   has been transferred or sold to, or deposited with, a third party;

     c.   has been placed beyond the jurisdiction of the Court;

     d.   has been substantially diminished in value; or

     e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1 above.

All pursuant to Title 18, United States Code, Section 2428(a).

7

A TRUE BILL

████████████████████

FOREPERSON

LUKE A. GOLDWORM
ERIC L. HAWKINS
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: MAY ___14___, 2026
Returned into the District Court by the Grand Jurors and filed.

/s/ Leonardo T. Vieira, 11:47am

DEPUTY CLERK

8